NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0414n.06

No. 24-1136

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Oct 22, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| KELLY AMBER BLUNT, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| CITY OF ROSEVILLE, MICHIGAN, et al., | ) | |
| Defendants, | ) | |
| | ) | OPINION |
| MACOMB COUNTY, MICHIGAN, | ) | |
| Defendant-Appellee. | ) | |

Before: GRIFFIN, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Kelly Blunt alleged that two Roseville police officers falsely identified her as someone involved in their undercover purchase of heroin at the Victory Inn Motel in Roseville, Michigan. Based on that misidentification, an assistant county prosecutor charged Blunt with several drug-related offenses—all of which were dismissed at her preliminary examination. Blunt later filed this action and, as relevant here, the district court dismissed her suit against Macomb County for failure to state a claim. We affirm.

We accept as true all factual allegations in Blunt's complaint. *See DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014). In June 2020, two Roseville police officers—Jason Otto and Bridget Lines—arranged to purchase narcotics at the Victory Inn Motel. Working undercover, Otto followed someone named Dot into Room 430, where Otto asked for "Girl," meaning crack cocaine. Dot said they were "out of Girl," but offered Otto either "Boy," meaning heroin, or "Ice," meaning methamphetamine. Then a white female with tattoos on her arms came

into the room and said "they were out of Girl but the guys were currently cutting up Boy" in Room 428. Otto agreed to purchase $20 worth of heroin, which someone named Pete brought to him. Otto and Dot then walked to Room 428, where Otto saw the same woman with tattoos on her arms packaging heroin and running packages between the two rooms. Otto left the motel with three grams of heroin. Two days later, officers returned to the motel and arrested Dot and Pete—but the tattooed woman was not there.

Kelly Blunt—who says she has no tattoos—says that Officers Otto and Lines wrongly identified her as the tattooed woman involved in the undercover buy at the motel. Based on that identification, a Macomb County assistant prosecutor charged Blunt with multiple drug-related offenses. Those charges led to Blunt's arrest and required her to post bond, but the prosecutor agreed to dismiss all of those charges at her preliminary hearing.

Blunt alleges that prosecutors knew the officers' identification of her "was false and unreliable." She sued the City of Roseville, its officers Otto and Lines, and Macomb County for malicious prosecution under 42 U.S.C. § 1983. Blunt voluntarily dismissed her claims against the City defendants, and the district court granted Macomb County's motion to dismiss for failure to state a claim.

We review that decision de novo. *See Lambert v. Hartman*, 517 F.3d 433, 438-39 (6th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff does so when the factual allegations contain "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (citation omitted).

Here, Blunt seeks to hold the County liable for malicious prosecution based on Assistant Prosecuting Attorney Todd Schmitz's decision to authorize a felony complaint charging her based on false information and without probable cause. Municipal liability arises only for the government's own acts—so a plaintiff must allege an official policy or custom that was "the moving force of the constitutional violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). And "liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (plurality).

Whether an official has final policymaking authority depends on state law. *Id*. at 483; *see Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). Macomb County is a charter county in which the elected Prosecuting Attorney appoints subordinate assistant prosecuting attorneys. *See* Macomb County Charter, art. VI, § 6.2 ("The head of the department is the elected prosecuting attorney."); Mich. Comp. Laws § 49.41 (appointment of assistant prosecuting attorneys); *id*. at § 49.42 (duties of assistant prosecuting attorneys).

Blunt makes no attempt to demonstrate that Michigan law vests the County's assistant prosecuting attorneys with authority to make final policy for the County. But Blunt does argue that final policymaking authority can be "delegated by an official who possesses such authority." *Pembaur*, 475 U.S. at 483. And, Blunt contends, "assistant prosecutors were delegated the authority to make prosecutorial decisions." Pl's Br., p. 9. But Blunt conflates the exercise of prosecutorial discretion in making the charging decision with a delegation of authority to make final policy for the County. "The fact that a particular official—even a policymaking official— has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur*, 475 U.S. at 481-82. And here Blunt

3

has not alleged anything "more." Instead, the complaint is conclusory throughout and lacks any particular allegations as to why the assistant prosecutor's decision to charge her was based on policy—rather than (as in the usual case) the prosecutor's understanding of the relevant circumstances and law. The district court was right to dismiss her claim.

Nor do Blunt's other theories of municipal liability find support in the facts alleged in the complaint. *See Dibrell v. City of Knoxville*, 984 F.3d 1156, 1160-61 (6th Cir. 2021). Nowhere in the complaint do the factual allegations imply that a final policymaker approved or ratified the assistant prosecutor's charging decision. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality); *see also Feliciano*, 988 F.2d at 656. Instead, Blunt herself alleged that the prosecution agreed to dismiss all the charges at her preliminary examination. And Blunt's passing reference to a failure-to-train theory has no application to the County, because the complaint alleged only that the City of Roseville failed to train its officers.

The district court's judgment is affirmed.